UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SETH RITCHIE,

                        Plaintiff,

    -against-

P.S.C.H., INC.; *et al.*,

                        Defendants.
-----------------------------------------------------------------x

**ORDER**

09-CV-3505 (SLT) (ALC)

TOWNES, United States District Judge:

    In early August 2009, *pro se* plaintiff Seth Ritchie ("Plaintiff") commenced this action against P.S.C.H., Inc. ("PSCH") – which operated the residential facility in which Plaintiff then lived – and various individuals affiliated with PSCH (collectively, the "PSCH Defendants"). Three weeks later, he amended his complaint by, among other things, adding as defendants three New York State employees who allegedly handled Plaintiff's complaints relating to conditions at PSCH (the "State Defendants").

    Pursuant to this Court's Memorandum and Order dated August 20, 2009, these State Defendants were served by the United States Marshals Service. On September 3, 2009, the Marshals Service attempted service by mail pursuant to Rule 312-a of New York's Civil Practice Law & Rules – a statute which is largely modeled on the waiver of service provisions set forth in Rule 4 of the Federal Rules of Civil Procedure. Each State Defendant completed and signed an "acknowledgment of receipt" in September 2009, making it unnecessary for the Marshals Service to effect service by other means. *See* N.Y. C.P.L.R. § 312-a.

    In a stipulation dated October 21, 2009, Plaintiff voluntarily dismissed and discontinued his action against the PSCH Defendants with prejudice. No settlement agreement was filed with, or "so ordered," by this Court. This action continues against the three State Defendants.



In a letter filed with this Court on December 28, 2009, Plaintiff now requests that this Court impose "[f]ines, sanctions or reasonable fees" upon the PSCH Defendants "for lying to ... Plaintiff to settle this complaint." Letter to Hon. Sandra L. Townes and Hon. Andrew L. Carter from Seth Ritchie, dated Dec. 18, 2009, at 1. Plaintiff alleges that the PSCH Defendants violated a written agreement requiring them, *inter alia*, to forward his mail and to refrain from informing the Social Security Administration that he had left the PSCH facility. *Id.* Plaintiff also "requests to point out" that State Defendants' counsel "committed perjury," alleging that counsel 1) falsely "stat[ed]/impl[ied] that a settlement was possible" in his September 15, 2009, letter to the Court and 2) incorrectly represented, in his September 17, 2009, letter to the Court that the State Defendants "waived [s]ervice of the Summons and Complaint when these State Defendants did sign and return" acknowledgments of receipt. *Id.* at 2. In addition, Plaintiff requests "a Preliminary Conference and[/]or Orders for a Discovery/Interrogatory schedule for the State Defendants ...." *Id.* at 1.

Plaintiff's request that "[f]ines, sanctions and[/]or reasonable fees" be imposed against the PSCH Defendants is denied. Since Plaintiff voluntarily dismissed and discontinued his action against the PSCH Defendants in October 2009, this Court no longer has jurisdiction over these defendants. Moreover, since the written agreement which was allegedly violated was neither filed with this Court nor "so ordered," this Court has no basis for imposing fines, sanctions or fees for its violation. To the extent that Plaintiff believes that he has a cause of action for breach of this agreement, he may pursue that cause of action in state court.

Plaintiff's allegations that State Defendants' counsel "committed perjury" are entirely without basis in fact. Nothing in counsel's letter dated September 15, 2009, stated – or even implied – that settlement would be possible in this case. *See* Letter to Hon. Sandra L. Townes

2

from Asst. Atty. Gen. Nathan A. Brill, dated Sept. 15, 2009. Moreover, although the State Defendants' counsel may have incorrectly believed that the document he received from the United States Marshals Service was a request for a waiver of service pursuant to Fed. R. Civ. P. 4(d) rather than an attempt at personal service by mail pursuant to N.Y. C.P.L.R. § 312-a, his confusion was entirely understandable in light of the similarity of these two statutory provisions. Counsel was essentially correct in representing that the State Defendants had waived service by other means.

Plaintiff's request for a preliminary conference and a discovery schedule is respectfully referred to Magistrate Judge Carter.

**SO ORDERED.**

/s/ SANDRA L. TOWNES
SANDRA L. TOWNES
United States District Judge

Dated: January 6, 2010
Brooklyn, New York