FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ FEB 01 2010
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SETH RITCHIE,

                Plaintiff,

     -against-

P.S.C.H., INC.; *et al.*,

                Defendants.
------------------------------------------------------------------x

**ORDER**

09-CV-3505 (SLT) (ALC)

**TOWNES, United States District Judge:**

    This Court is in receipt of Plaintiff Seth Ritchie's letter dated January 15, 2009 [*sic*], ("Plaintiff's Letter"), in which he requests (1) permission to amend or supplement his complaint and (2) reconsideration of this Court's order dated January 6, 2010. This Court construes Plaintiff's Letter as constituting, in part, a request for leave to amend the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Defendants' counsel is directed to respond that this request on or before February 16, 2010.

    Plaintiff's request for reconsideration of this Court's January 6, 2010, order is denied. "The standard for granting ... a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing cases). While this Court recognizes that *pro se* submissions must be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), *pro se* litigants are not "exempt . . . from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

Plaintiff's Letter asserts that this Court misconstrued Mr. Brill's letter of September 17, 2009, when it held that Mr. Brill had not implied that settlement would be possible in this case. This Court has carefully re-read Assistant Attorney General Brill's letters dated September 15 and 17, 2009 – annotated copies of which are attached to Plaintiff's Letter. This Court notes that Mr. Brill's letter of September 17, 2009, stated only that he had forwarded Plaintiff's settlement demand of $500 to his client, the Office of Mental Health ("OMH"). Since only the client – not the attorney – can decide whether or not to settle an action, this did not imply in any way that settlement was possible.

Mr. Brill may, however, have incorrectly believed that Plaintiff had rescinded his settlement offer.[1] Plaintiff's Letter implies that Plaintiff is, in fact, willing to settle his remaining claims for $150. Mr. Brill is directed to consult with his clients regarding this offer and to arrange a settlement conference before Magistrate Judge Carter if settlement appears possible.

**SO ORDERED.**

/ SANDRA L. TOWNES
United States District Judge

Dated: January 29, 2010
Brooklyn, New York

---

[1] This Court notes that even assuming, *arguendo*, that Mr. Brill's letter falsely stated that Plaintiff had rescinded the settlement offer, that representation cannot be pejurious because it was made in an unsworn document. For this same reason, representations that Mr. Brill made concerning his reasons for requesting an extension of time to answer or move to dismiss plaintiff's complaint cannot be perjurious. Any issues regarding perceived violations of Magistrate Judge Carter's order dated January 12, 2010, should be addressed to Magistrate Judge Carter.